```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```
_____

| | |
|---|---|
| **CHRIS MORRIS,** )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>**TIFFANY BIGGS, TENNESSEE** )<br>**FARMERS MUTUAL INSURANCE** )<br>**COMPANY, and JEREMY BIGGS,** )<br>)<br>    Defendants. )<br>) | No. 25-cv-2229-TLP-tmp |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is the United States' Motion to Substitute United States of America for Defendant Tiffany Biggs and to Dismiss Tiffany Biggs, filed on February 28, 2025.[1] (ECF No. 6.) *Pro se* plaintiff Chris Morris did not respond. For the reasons below, the undersigned recommends that the motion be granted.[2]

On December 12, 2024, Morris filed his complaint in Lauderdale County General Sessions Court seeking damages related to a car accident between the parties on December 26, 2023. (ECF No. 1.) On

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination and/or report and recommendation, as appropriate.

[2]Given the relief sought, the undersigned addresses the matter via a report and recommendation.

February 28, 2025, the United States removed the action to the Western District of Tennessee on behalf of Tiffany Biggs pursuant to 28 U.S.C. §§ 1441 *et seq.*, and 2679(d). (Id.) The government asserts that the action is governed by the Federal Tort Claims Act because Biggs was an employee of the United States Postal Service ("USPS") and was acting within the scope of her employment at the time of the accident. (Id.) Along with its notice of removal, the government filed the instant motion, requesting that the United States be substituted for Biggs as a defendant. (ECF No. 6.) The government also filed the certification of Assistant United States Attorney and Civil Chief Stuart J. Canale, pursuant to 28 C.F.R. § 15.4 and U.S. Department of Justice, Justice Manual § 4-5.630 (2018), that Biggs was acting within the scope of her employment with USPS. (ECF Nos. 6, 6-1.)

Under the Westfall Act, "[w]hen a defendant employee of the United States was acting within the scope of her employment during the time of the incident out of which the claim arose, 'the United States shall be substituted as the party defendant.'" Elmore v. Harris, No. 2:18-CV-2608-SHL-cgc, 2018 WL 6517125, at *1 (W.D. Tenn. Oct. 3, 2018) (quoting 28 U.S.C. § 2679(d)(1)). "A certification from the Attorney General is necessary and sufficient to establish that the defendant employee was acting within the scope of her employment for the purpose of substitution." Id. (citing 28 U.S.C. § 2679(d)(1)). Such

certification also has been delegated to the United States Attorney and Civil Chief under 28 C.F.R. § 15.4. See Dolan v. United States, 514 F.3d 587, 592 (6th Cir. 2008); Dowell v. Zinke, No. 3:19-CV-00105, 2019 WL 13260268, at *2-4 (M.D. Tenn. May 28, 2019) (accepting certification of the Civil Chief and granting the government's motion to substitute). Because the Civil Chief has certified that Biggs was acting within the scope of her employment, the undersigned recommends that the government's Motion to Substitute be granted and that Biggs be dismissed from the case.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 9, 2025
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**