IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRIS MORRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:25-cv-02229-TLP-tmp ) ) |
| TIFFANY BIGGS, TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, and JEREMY BIGGS, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

In December 2024, pro se Plaintiff Chris Morris ("Plaintiff") sued Defendants Tiffany Biggs ("Ms. Biggs"), Tennessee Farmers Mutual Insurance Company, and Jeremy Biggs in Lauderdale County General Sessions Court over an alleged motor vehicle accident. (ECF Nos. 1, 1-2.) In February 2025, the United States, on behalf of Ms. Biggs, removed this action to the Western District of Tennessee. (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Tu M. Pham ("Judge Pham") for management of all pretrial matters. The United States moves for Ms. Biggs to be dismissed from this action and for the United States to be substituted as the defendant in her place. (ECF No. 6.) Plaintiff has not responded to the Motion to Substitute.

Judge Pham entered a Report and Recommendation ("R&R") that recommends the Court grant the United States' Motion to Substitute. (ECF No. 11.) No party has objected to the R&R. For good cause shown and the reasons below, the Court **ADOPTS** Judge Pham's R&R. Accordingly, the Court **GRANTS** the United States' Motion to Substitute, **DISMISSES** Ms.

1

Biggs from this lawsuit, and respectfully **DIRECTS** the Clerk to modify the docket and name the United States as a defendant.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. If either party objects, the district court reviews the objected-to portions of the R&R de novo. On review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

## ANALYSIS

This lawsuit centers around a motor vehicle accident. (ECF No. 1-2.) According to the Government, Ms. Biggs is an employee of the United States Postal Service. (ECF No. 1-1.) Under the Westfall Act,[1] the United States is the correct defendant when a federal employee is sued for a tort committed while acting within the scope of employment. *Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008). And when the Attorney General certifies the employee was acting within their scope of employment at the time of the incident, the United States is substituted as the defendant in place of the employee. *Id.*; 8 U.S.C. § 2679(d)(1). The authority to make this certification has been delegated to the United States Attorney and its designated

---

[1] This is also known as the Federal Employees Liability Report and Tort Compensation Act of 1988. *Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008).

Civil Chief. *See* 28 C.F.R. § 15.4; U.S. Dep't of Justice, Justice Manual § 4-5.630 (updated April 2018).

As Judge Pham explained, here the Civil Chief for the Western District of Tennessee has certified that Ms. Biggs was acting within the scope of her employment at all times relevant to this case. (ECF 6-1.) And Plaintiff has not challenged the certification or substitution. In fact, Plaintiff has not responded to the Motion and the time to do so has passed. The Court will thus treat the certification as conclusive proof that Ms. Biggs was acting within the scope of her employment at all relevant times in this suit.[2] Accordingly, the Court **ADOPTS** Judge Pham's recommendation that this Court grant the United States' Motion to Substitute.

## CONCLUSION

For the reasons above, the Court agrees with Judge Pham and **ADOPTS** the R&R. The Court thus **GRANTS** the United States' Motion to Substitute, **DISMISSES** Ms. Biggs from this lawsuit, and respectfully **DIRECTS** the Clerk to modify the docket and name the United States as a defendant.

**SO ORDERED**, this 6th day of May, 2025.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[2] As this Court has previously explained,

> The Attorney General's certification provides prima facie evidence that the employee was acting within the scope of employment. Where a plaintiff challenges the certification and substitution, the plaintiff must produce evidence that demonstrates that the employee was not acting in the scope of employment … If the plaintiff does not come forward with any evidence to the contrary, certification is conclusive of scope of employment.

*Goosby v. United States*, 545 F. Supp. 2d 725, 731–32 (W.D. Tenn. 2008) (internal citations, quotations, and italics omitted).